PER CURIAM. This case arises from competing monetary claims 'to the respective membership interests of John Eric Richards and Christopher L. Richards in a Florida limited liability company. Capstone Bank challenges the trial court’s determination that WinSouth Credit Union’s charging order has priority over Capstone Bank’s charging order. We reverse because WinSouth’s charging order was entered on an Alabama judgment that was not properly domesticated as to John and Christopher. Win-South obtained a final judgment in Alabama against Richards Motors, Inc., John Eric Richards, and Christopher L. Richards, but it only recorded the certificate of judgment against Richards Motors, Inc. in the public records of Florida. Nowhere on that recorded judgment is it apparent that WinSouth also obtained a judgment against John or Christopher. Since the Alabama court issued three separate certificates of judgments in favor of Win-South, domestication was required as to each. WinSouth’s recording of its judgment against Richards Motors, Inc. did not serve to domesticate its judgment against John and Christopher notwithstanding there is joint and several liability. See § 55.503(1) Fla. Stat. (2015) (requiring that the judgment sought to be domesticated must be recorded in order for it to be enforced as a judgment of the state). Because domestication was not established, it was error to accord relief to WinSouth. Accordingly, we reverse and remand for proceedings consistent with this opinion. ■ • REVERSED and REMANDED. WOLF and RAY, JJ., CONCUR. MAKAR, J. CONCURS IN RESULT WITH OPINION.